IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall E. Home,<br><br>             Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>             Defendants. | No. CV 11-81-TUC-FRZ<br><br>**ORDER** |

    Pending before the Court is an action initiated by Plaintiff against numerous Defendants stemming from allegations of mortgage related fraud. Among the Defendants are: the State of Arizona; the "United States Corp."; Pima, Maricopa and Pinal County Sheriffs; the Maricopa County Recorder; and Pima and Maricopa County Superior Court Judges. *See* Doc. 1 and 3. Plaintiff has also attached to his Complaint another document he recently filed in Pima County Superior Court; the document is a "criminal complaint" filed by Plaintiff Marshall Home against numerous law firms, financial companies, and Arizona officials including the Governor, Secretary of State, Speaker of the House, and President of the Senate. *See* Doc. 1. The "criminal complaint" filed by Plaintiff is for "felonies, high crimes and misdemeanors racketeering' demanding "arrest of the defendants by the Sheriff of Pima and Maricopa Counties." In the documents filed with the Court, Plaintiff alleges that the Governor, President of the Senate, and Speaker of the House individually "acquiesced", "settled", or "defaulted" on claims of "$500,000,000.00" each for a total of $1.5 billion. *See*

1  Doc. 3 at 9-10. Plaintiff seeks "damages in excess of $2,500,000,000,000.00." *See* Doc. 3
2  at 3.
3        A review of the documents filed by Plaintiff reflects that he seeks ex parte injunctive
4  relief pertaining to the foreclosure of property in Arizona. The substantive standards
5  governing temporary restraining orders ("TROs") and preliminary injunctions are identical.
6  *See New Motor Vehicle Bd. v. Orrin W. Fox. Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Los*
7  *Angeles Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1982). A
8  preliminary injunction is an extraordinary and drastic remedy and will not be granted absent
9  a clear showing of likely success in the underlying claim and likely irreparable injury. *See*
10 *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*); *Warsoldier v. Woodford*, 418
11 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*, 65 F.3d 802, 805 (9th Cir. 1995);
12 FED.R.CIV.P. 65. To obtain a preliminary injunction, the moving party must show "that he
13 is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence
14 of preliminary relief, that the balance of equities tips in his favor, and that an injunction is
15 in the public interest." *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct. 365, 374
16 (2008); *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009);
17 FED.R.CIV.P. 65. The moving party has the burden of proof on each element of the test.
18 *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). There
19 is heightened scrutiny where the injunction would provide substantially all the relief the
20 movant may recover after a full trial on the merits. *Kikumura v. Hurley*, 242 F.3d 950, 955
21 (9th Cir. 2001).
22       Upon review of Plaintiff's filings, the Court finds that Plaintiff has failed to show
23 that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the
24 absence of preliminary relief, that the balance of equities tips in his favor, and that an
25 injunction is in the public interest. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per*
26 *curiam*); *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005); *Pratt v. Rowland*,
27 65 F.3d 802, 805 (9th Cir. 1995); *Winter v. Nat'l Resources Def. Council, Inc.*, 129 S. Ct.
28 365, 374 (2008); *Am. Trucking Ass'n v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.

1  2009); FED.R.CIV.P. 65.  Accordingly, IT IS HEREBY ORDERED that Plaintiffs' requests
2  for ex parte injunctive relief (Doc. 1, 3) are denied.

4       DATED this 8th day of February, 2011.

_____
Frank R. Zapata
**Senior United States District Judge**