

Marshall E. Home™
Secured Party
3051 W. Mexico St.
Tucson, Arizona 85746
206-888-6775-fax
520-392-6234-cell

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marshall E. Home<br>Secured Party, Plaintiff,<br>Dba, INDEPENDENT RIGHTS PARTY<br>et.al | CASE: CIV-11-81 TUC FRZ<br><br>PLAINTIFF'S APPLICATION |
| STATE OF ARIZONA,<br> Its agents and instrumentalities<br>UNITED STATES CORP.<br>Its agents and instrumentalities<br>MARICOPA COUNTY SHERIFF,<br>JOE ARPAIO;<br>PIMA COUNTY SHERIFF,<br>CLARENCE W. DUPNIK;<br>CHRISTOPHER P. STARING, Dba,<br>PIMA COUNTY SUPERIOR COURT;<br>BENJAMIN E. VATZ, Dba, MARICOPA<br>COUNTY SUPERIOR COURT;<br>HELEN PURCELL, MARICOPA COUNTY<br>RECORDER; and DOES 1-100 | FOR ISSUANCE OF A TEMPORARY<br>RESTRAINING ORDER AND<br>MEMORANDUM OF LAW<br>IN SUPPORT THEREOF<br><br>RE:  Real Property Located at:<br>       3512 South 343rd St.<br>       Tonopah, Arizona<br><br>  SECOND REQUEST<br>(Emergency  Hearing)<br>  Date:<br>  Time:<br>  Place: |
| Defendants | (ORAL ARGUMENT REQUESTED) |

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Marshall E. Home

("Plaintiff"), hereby makes application for the issuance of a Temporary Restraining

Order with Oral Notice to the Defendants MARICOPA COUNTY SHERIFF, JOE

ARPAIO and his Deputies, and by mailing a copy of Plaintiff's

1

Certification that notice has been given as stated above to said Defendants upon the grounds and for the reasons set forth in the Plaintiffs' verified Complaint on file with the Court, the Certification of Marshall E. Home filed concurrently herewith, and the following Memorandum of Points and Authorities:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1. STATEMENT OF FACTS SUPPORTING PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER.

Plaintiffs Home and Luis Castillo are the owners of their residence located at 3512 S 343rd St. Tonopah, Arizona 85354 (the "Property'). Plaintiffs are not deadbeats who refuse to pay their mortgage, but rather are like millions of other Americans who saw their income dramatically decline in the current economic crisis. This factor, coupled with their predatory loan ( as described in the Complaint), led them to their current position. The Supreme Court of Massachusetts recently declared that U.S. Bank the alleged owner of the note did not have standing to foreclose, a parallel situation to this one.

Further, Plaintiffs allege the Original Note was intentionally destroyed to facilitate the securitization of the income stream, but legally the destruction voided the debt obligation of the Note and the security interest under the Deed of Trust. Defendants, their agents and Does 1-100 have <u>fabricated, executed and recorded fraudulent documents to carry out the subject/trustee's sale</u> in violation of Arizona Statutes. This led to the string of fabricated documents filed with the Maricopa County recorder's Office (described below) which have clouded the title to their

2

property and were the foundation of the Trustee's Sale. Had the security interest not been destroyed, or had any of the Defendants became the holder of the note in due course, there would have been no need to fabricate and record documents with the Maricopa County recorder's Office.

On January 31, 2011, Plaintiffs filed their verified Complaint with the Clerk of the United States District Court praying for, among other things, the issuance of a Temporary Restraining Order enjoining and retraining the Defendants Maricopa County Sheriff Joe Arpaio and his Deputies from executing a Writ of Restitution Void by Bank Fraud, Mortgage Servicing Fraud, fraudulent conveyance, forged documents issued from the Maricopa County Superior Court.

Plaintiff seeks a Temporary Restraining Order enjoining the above referenced planned eviction of Plaintiffs from the Property for all of the following reasons, among others:

1. The Plaintiffs went to a mortgage lender, U.S. Bank, seeking a loan to purchase their primary residence described in Plaintiffs' Complaint. U.S. Bank or some other entity unknown to the Plaintiffs including but not limited to Investors in a Mortgage Backed Security financed the Plaintiffs' loan on the Property. This was not disclosed to them.

    The Plaintiffs, Home and Castillo are the secured party creditors and holders in due course. They have the registered secured Priority pre-paid claim against U.S. Bank. See attached exhibit A.

2. U.S. Bank has an unsecured, inchoate, fictitious, imaginary, non-existent

3

Claim(s) and they are attempting to steal the property with the help of the Maricopa County Sheriff in broad day light, under color of law. U.S. Bank is the Debtor and the Plaintiffs are the Creditors of the 3512 S 343rd St. Tonopah, Arizona property, registered and certified in the Sec of State, State of California UCC Div.

3. Note the Certification of the Transcript by Debra Bowen, declares that the UCC-1 Financing Statement is a Transcript, which is issued from our common law court of original and exclusive jurisdiction. The Secretary of State of California is the Fiduciary of the property and neither the Maricopa County Superior Court nor the Maricopa County Sheriff, Joe Arpaio or his Deputies have jurisdiction over the said property, yet they are going to enter the property with guns. There has been no judicial foreclosure. There is no paperwork to substantiate a valid contract.

4. Plaintiffs contends that unless the Temporary Restraining Order requested herein is granted, the eviction of innocent property owners will take place, which, if that happens, will cause irreparable harm and injury to the Plaintiffs to the extent that they have not had their day in a court of Law.

5. Plaintiffs in a Forcible Detainer action are not entitled to address the validity of the Trustee's Deed issued to the purchaser at the Trustee's sale, and at which the evidence presented by the Defendants (i.e. in the Forcible Entry and detainer action) in possession of the Property was limited to

4

They know that they are acting in violation the Massachusetts Supreme Court Order. The planned Eviction should be temporarily enjoined and restrained because Maricopa County Sheriff is being sued in Federal Court in Tucson for major Civil rights violations, both civil and criminal. He has been noticed. I have talked to the Sheriffs Deputy, Paul Chagolla about the fraud being perpetrated upon the people. He was served the original complaint and all the evidence necessary to halt the eviction.

8. The Sheriffs are not giving any credence to being sued in the Federal Court.

## II LEGAL ARGUMENT

In determining whether to award injunctive relief, including a temporary restraining order, Arizona courts typically look to four factors: 1) the likelihood of the Plaintiffs success on the merits of the case; 2) the possibility of irreparable injury to the Plaintiffs' if relief is not granted; 3) the extent to which the balance of the hardships favors the Plaintiffs; and 4) whether public policy favors the injunction. *Schoen v. Schoen,* 167 Ariz. 58, 63, 804 P.2d 787, 792 (Ct.App.1990). Courts balance these factors; all four factors need not be present to obtain injunctive relief. In this case however, all four factors are decidedly in Plaintiffs favor and warrant the granting of a temporary, preliminary and permanent injunction in Plaintiffs' favor.

a. <u>**Plaintiffs Have A Strong Likelihood of Success On the Merits Because The Mortgage Pool Can Not Possibly Be the Owner of the Note And Deed of Trust As Determined in the Case of, U.S. Bank v. Ibanez Mass Supreme Ct-10694 decided 1-07-11.**</u>

Fabricated documents executed by robo-signers do not establish a legal basis to non-judicially foreclose and are a legal fiction. In *Nosek v. Ameriquest Mortgage Company*, 386 B.R. 374 (Banker.D. Mass. 2008), the court held that parties who do not hold the note of mortgage and do not service the mortgage do not have standing to pursue motions for leave to (foreclose) or take other actions arising from the mortgage obligation. In *Deutsche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227 (S.D.Ohio) January 8, 2008, the court found that the Petitioner Deutsche Bank in filing eveidence in support of its Motion for a Default Judgment indicating that MERS was the mortgage holder had failed to show sufficient evidence to support its claim that Deutsche Bank was the owner and holder of the note as of the date it filed its motion. The court therefore denied Deutsche Bank's motion until such time as Deutsche bank was able to offer evidence showing that it owned the note and mortgage when its complaint was filed. In *BAC Funding Consortium, Inc. v. Jean-Jacques et al*, 28 So.3d 936 (Ct.App.Fl 2010) the court reversed a summary judgment of foreclosure which had been obtained by U.S. Bank as Trustee of a securitized mortgage loan trust for B mortgage loan asset backed certificates series 2006-CB5. The Court held that US Bank failed to meet its burden for summary judgment because the record revealed a genuine issue of

7

material fact as to US Banks' standing to foreclose. The court stated, with numerous citations to Florida case law, that the proper party with standing to foreclose ~~as the lender and mortgagee~~ the holder of the note and mortgage or the holder's representative. The court found that while U S Bank alleged in its unverified Complaint listed Fremont Investment and Loan as the lender and MERs as the mortgagee. The court concluded that the exhibits to the Complaint conflicted with the allegations of the Complaint and that, pursuant to well-established Florida law, the exhibits control.

No Arizona appellate court has yet resolved issues such as the ones at issue here. However, on January 7, 2011, the Massachusetts Supreme Judicial Court in a case factually similar to this one (with the same Plaintiff U.S. Bank), held that because the foreclosing Defendants did not demonstrate that they were the foreclosing Defendants *at the time of the foreclosure sale* they did not acquire fee simple title to the properties by purchasing them at the foreclosure sale. See *U.S. Bank v. Ibanez,* No. SJC-10694 (January 7, 2011). In this well-reasoned opinion, the Court expressly rejected one foreclosing Defendants attempts to use a post foreclosure assignment to establish ownership by including an effective date that preceded the notice of the sale and foreclosure. The court made it clear that in order for the foreclosure sale to effectively transfer title, the foreclosing parties had to have the appropriate documentation in hand to prove that they had a

right to foreclose *at the time of the foreclosure.* The Defendants in this case do not.

b. <u>Plaintiffs Will Suffer Irreparable Harm If The Sheriff is Permitted to Trespass Upon The Subject Property.</u>

Real estate is unique. When the Plaintiffs prevail on their claims, neither the defendants nor the Courts could put them back to the same position they were in before the wrongful foreclosure and no amount of money damages paid by the Defendants could compensate the Plaintiffs for being forced to leave their home when the Defendants have no legal right to do so. In short, a wrongful eviction such as this one would cause the Plaintiffs irreparable harm.

2. <u>The Balance of Hardships Sharply favors Plaintiffs.</u>

If the Sheriffs are not temporarily restrained and preliminarily enjoined from conducting the impending eviction, the Plaintiffs will lose what has been their home for the past 8 years. The Plaintiffs do not want to lose their home and move elsewhere. Losing their farm and having to move out would be emotionally devastating for the Plaintiffs and would constitute a true hardship.

The Sheriff, on the other hand, will suffer little or no hardship. The Plaintiff's Property means nothing to them; it is simply a piece of real estate which holds no special importance or value to them. The only reason they are intent on foreclosing and selling it is to reap a monetary benefit in terms of late fees, sale price, insurance payments, and other charges they can skim

9

from the top when the property is sold at trustee's sale. Given the glut of vacant foreclosed upon houses available in the Phoenix area it will make little difference to Defendants or the Sheriffs if the Court grants the temporary restraining order and preliminarily enjoins the eviction (assuming the Defendants ultimately prevail) Any such delay would cause little or no hardship to Defendants.

Further, in the unlikely event that it is determined that the temporary restraining order was wrongfully granted, money damages will be more than sufficient to make Defendants whole again. Perhaps the market will have recovered somewhat by then and the value of the Property will have risen instead of dropped substantially as is likely if the Property sits vacant and unattended for several months or a year. Clearly, any inconvenience to the Sheriff is temporary and reparable; but if the Plaintiffs are forced to uproot their entire family and leave their familiar surroundings, it will represent an extreme hardship to the Castillo family and no dollar value can be placed on such loss.

2. <u>Public Policy Mandates that the Injunction be Issued Against The Sheriff</u>

It is in the public's best interest to be able to have faith in the system in place to keep track of who holds an interest in real property and who does not. Owning a home is the American dream and for many people is the most valuable asset that they own. The property is a 200 acre ranch with animals and livestock that will have no place to go. Luis Castillo is an immigrant farmer who doesn't speak

English and has been prejudiced by the court because of the language barrier. Because this is a non-judicial foreclosure state, there are few protections for those facing foreclosure. So, it is imperative that those individuals and entities that are foreclosing on homes follow the proper procedures and have the proper paperwork and documentation to prove that they are parties entitled to act to enforce the deed of trust when a note is in default. If the documents submitted by Defendants themselves demonstrate fatal defects and glaring irregularities, such as naming as owner a mortgage pool that cannot possibly own the Plaintiffs debt and manufacturing documentation at the eleventh hour so that it looks like the foreclosing defendants are authorized to act – it is in the public's best interest that the trustee's sale does not take place. There are serious issues here about who actually is entitled to enforce the secured interest in the Castillo's ranch and this needs to be determined before some new farmer buys a ranch fraught with title problems with their hard earned money, because we have the secured transaction and this second application for TRO, if granted today, will mitigate the Defendants damages.

Our real estate system and banking system depend on the validity of recorded documents and full and fair disclosure. It is in the public's interest to identify and correct errors and fraudulent practices in connection with the recording of documents and the wrongful foreclosure of homes and farms as soon as those problems are detected because those problems will only increase and become more difficult to untangle and unwind with every new person to whom a

11

wrongfully foreclosed upon property is transferred or conveyed. Moreover, every homeowner knows that a foreclosure has a ripple effect, foreclosures don't just harm the person foreclosed on. Foreclosures negatively affect the property values for every homeowner in the neighborhood and community. If Plaintiffs prove that they are entitled to a declaratory judgment that the Assignment, Substitution of Trustee and Notice of Trustee Sale were fraudulent; that none of the Defendants own both the Note and the Deed of Trust and therefore have a right to foreclose, then public policy mandates that the eviction be terminated before Plaintiffs and every other homeowner in their neighborhood is damaged.

## III. CONCLUSION

In short, all of the factors support the issuance of a temporary restraining order and the preliminary injunction preventing the Sheriff from evicting the farmers' family and Plaintiffs claims' can be fully litigated. The Sheriff is a defendant in this action. He has demonstrated his inability to protect the property rights of the people. U.S. Bank does not have any property rights. Corporations are debtors. They have no money. The bank created the funds from Luis Castillo's signature upon the loan application. U.S. Bank did not lend anything of value to Luis Castillo. Within 72 hours of signing the loan application, U.S. Bank had sold the note and Luis Castillo was no longer under obligation for the debt. Yet, U.S. Bank now claims ownership and property rights where none exist! Plaintiffs have provided evidence which shows that they are likely to prevail on the merits

have provided evidence which shows that they are likely to prevail on the merits because the mortgage pool which U.S. Bank claim owns the Note and Deed of Trust was closed years before it purportedly was assigned the Castillo note and deed of trust, and the note was in default at the time of the alleged assignment. Public policy favors honesty and validity of recorded documents and the verification and disclosure of the true facts. Plaintiffs' real property is unique and they would suffer irreparable harm if their Property was sold at Trustee's sale. For all of the reasons set forth above, the Court should immediately grant the Temporary Restraining Order and Preliminary Injunction requested by the Plaintiffs, enjoining and restraining the Sheriffs from evicting anyone from Plaintiffs property until all of the claims made in the Complaint can be adjudicated.

Respectfully Submitted this 9th day of February, 2011.

All Rights Reserved

By_____Marshall E. Home_____
Marshall E. Home, Secured Party

Date_____
Time of Issuance:_____

Chairman, Independent Rights Party

13

cc:

The Clerk of Court
The Hon F. Zapata, Judge

Maricopa County Sheriff, Joe Arpaio
Attn: Paul Chagolla, Deputy
100 W. Washingto, Suite 1900
Phoenix, Arizona 85003