1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**SHAPIRO, VAN ESS & SHERMAN, L.L.P.**
3300 N. Central Avenue, #2200
Phoenix, Arizona 85012
(602) 222-5711
Facsimile (602)222-5701
Facsimile (847)627-8802
E-mail AZNotices@logs.com
Jason P. Sherman, Bar # 019999
Kristin E. Mathers, Bar # 027082
Attorneys for Plaintiff
File # 10-007797

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, its assignees and/ or successors-in-interest,<br><br>     Plaintiff,<br><br>v.<br><br>James Kelder, Marshall Home and Elizabeth Kelder, Occupants and Parties-In Possession,<br><br>on their own behalf and on behalf of all others similarly situated.<br>     Defendant(s). | Case No. 11-81 TUC FRZ<br><br>Maricopa County Superior Case No. CV2011-00559<br><br>**MOTION TO REMAND** |

   Federal National Mortgage Association, (herein after "FNMA") by and through counsel undersigned, hereby submits its Motion to Remand.  As established below, the Court should remand this case to the superior court, because Defendants' Notice of Removal is untimely and improper and because this Court lacks jurisdiction. This Motion is based upon the following Memorandum of Points and Authorities attached hereto.

///

DATED this 3rd day of May, 2011.

*/s/ Kristin E. Mathers*
Jason P. Sherman
Kristin E. Mathers
Attorneys for Plaintiff

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

On or about November 8, 2007, Defendants James and Elizabeth Kelder ("Kelder") executed a note secured by a deed securing real property known as 6207 E. Winchomb Drive, Scottsdale, Arizona 85254 ("the Property").  Defendants defaulted by failing to make monthly installment payments due Plaintiff.

The successor trustee initiated Trustee's Sale proceedings on the Property on June 30, 2009 by recording a Notice of Trustee's Sale. The then-current beneficiary of the deed of trust was the successful purchaser of the Property at the Trustee's Sale held December 13, 2010 for its high bid in the amount of $332,210.67.  The Trustee deeded the property and a copy of the Trustee's Deed is attached to Plaintiff's complaint.  The purchaser of the property executed a Special Warranty Deed restoring title of the Property to Plaintiff.

On January 5, 2011, Plaintiff filed a Forcible Entry and Detainer action (the "FED Action"). On January 8, 2011 Plaintiff personally served Defendants with a copy of the complaint and summons.  A copy of the service affidavit is attached hereto as Exhibit A. On January 20, 2011 the Defendants filed a Notice of Change of Judge.  On January 24, 2011, the FED Action was reassigned to Commissioner Michael Barth for all further

proceedings.  On February 15, 2011, during the initial appearance, Defendants pled not guilty and the matter was set for trial.  On February 17, 2011, the Defendants filed a Notice of Removal to an already pending District of Arizona-Tucson Division case, number 11-81 TUC FRZ.[1]  The FED Action has been placed on the inactive calendar pending a remand or dismissal order.

As established below, this action is not removable because, Defendant's removal is improper and untimely, and this Court lacks jurisdiction over a state court forcible detainer action.

## II.  LEGAL ANALYSIS

### A.  Defendant's Notice of Removal is Improper and Untimely.

Defendant, without any legal basis whatsoever removed the FED Action to an already pending US District Court case.  On that ground alone the Court should dismiss or remand.

28 U.S.C. § 1446 outlines the procedures for removal.  Section 1446(b) requires a Defendant to file a notice of removal within 30 days after receipt of the complaint or 30 days after service of the summons, whichever is shorter.  In this case, Kelder was served with the initial complaint in the FED Action on January 8, 2011.  Forty days later, Kelder and Marshall Home ("Defendants")  filed their Notice of Removal.  Defendants missed the statutory deadline to remove this case.  It follows that this case is not removable and this case should be remanded.

### B.  The District Court Lacks Subject Matter Jurisdiction

---

[1]  James Kelder and Marshall Home are the only parties who signed the Notice of Removal.  Upon information and belief Marshall Home is not an occupant or party in possession of the Property and thus is not a proper party to this action.

The Court should equally deny or remand this case, because this Court lacks subject matter jurisdiction. It is well established law that removal of a state court claim to federal court, not based on diversity or specific statutory authority, is permitted only where the underlying claim itself could have originally been brought in the federal court. In other words, the federal court must have had potential original jurisdiction over the initial claim filed by the Plaintiff. In determining whether the federal court has original jurisdiction, the Plaintiff's statement in his or her complaint must establish the federal jurisdiction. <u>Louisville & Nashville Railroad Co. v. Mottley</u>, 211 U.S. 149, 152, 29 S.Ct. 42, 43 (1908). In the above case, the Court held that:

> It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that suit arises under the Constitution and laws of the United States only when the <u>plaintiff's statement</u> of his own cause of action shows that it is based upon those laws or that Constitution.
> (Emphasis added).

Based on the Louisville case, federal courts have adopted the "well pleaded complaint" rule. Under that rule, in order to establish federal jurisdiction, "the plaintiff's complaint must contain a claim 'arising under' federal law, and a defendant may not invoke removal jurisdiction simply by asserting a federal defense." <u>Clinton v. Acequia.</u>, 94 F.3d 568, 570 (9th Circ. 1996). Furthermore, "neither the defendant's answer nor its petition for removal may serve as the basis for federal jurisdiction…" <u>Powers v. South Central United Food</u>, 719 F.2d 760, 764 (5th Circ. 1983). Nor may federal jurisdiction be based on an actual or anticipated defense or counterclaim. <u>Louisville & Nashville Railroad Co. v. Mottley</u>, 211 U.S. at 152, <u>Holmes Group, Inc. v. Vornado Air</u>, 535 U.S. 826 (2002).

In this matter, the burden of establishing federal jurisdiction lies with the Defendant.  Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37 (1921). The United States Supreme Court has mandated that Courts apply strict scrutiny in applying the removal statues, as it has recognized Congressional intent to restrict jurisdiction of federal courts.  Powers at 762 (citing American Fire & Casualty Co. v Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 538 (1951)).  Since the Defendant cannot assert federal jurisdiction in their answer (if they had filed one) in the underlying court, nor in their petition for removal, the only way in which they can invoke removal jurisdiction would be to establish that the FNMA's complaint state a claim under federal law.

Here, the underlying complaint is a Forcible Entry and Detainer action.  A Forcible Entry and Detainer Action is state court summary statutory remedy for obtaining possession of premises by the party entitled to actual possession.  Gangadean v. Erickson, 17 Ariz. App. 131, 495 P.2d 1338 (1972).  The object of an action under this section is to afford a speedy and adequate remedy for obtaining possession of premises wrongfully withheld.  Olds Brothers Lumber Company v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946). Counterclaims, Cross-Complaints of offsets are not available in a Forcible Entry and Detainer action; the only issue to be determined is the actual right to possession. Gangadean, supra. In Curtis V. Morris, 186 Ariz. 534, 925 P.2d (Az. Supreme Ct. 1996), the Supreme Court of Arizona ruled that a court may not determine the validity of title in forcible detainer actions.

In his papers Kelder raises issues outside the scope of Plaintiff's complaint and attempts to manufacture Federal Questions in an attempt to effect Removal.  Forcible and

special detainer actions are state law issues and governed by A.R.S. §§ 12-1177, 12-1178, and 12-1181.  The new issues raised by Defendant are irrelevant to Plaintiff's state court action.  There is no Federal Question to be heard by this Court.  It follows that the Court should dismiss or remand.

### C.  The District Court of Arizona, Tucson Division Lacks Jurisdiction

In addition to the above, the Court should dismiss this case, because the Defendant removed his case to the wrong division.  Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United State have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Here, the original complaint was filed with the Maricopa County Superior Court.  Instead of complying with the requirements of section 1441(a) and filing a Notice of Removal in the appropriate Phoenix division of the District Court, Defendants filed a Notice of Removal with the Tucson division of the District Court of Arizona.  Therefore, Defendants matter should remanded to the lower court because this Court lacks jurisdiction under 28 U.S.C. § 1441(a).

WHEREFORE for all the foregoing reasons, Plaintiff requests this Court to remand this case accordingly.

DATED this 3rd day of May, 2011.

/s/ Kristin E. Mathers
Jason P. Sherman
Kristin E. Mathers
Attorneys for Plaintiff

Original of the foregoing e-filed this
3rd day of May, 2011:

U.S. District Court
District of Arizona-Tucson Division

Copy of the foregoing was mailed
on the above date to:

James Kelder
6207 E. Winchomb Drive
Scottsdale, Arizona 85254

Elizabeth Kelder
6207 E. Winchomb Drive
Scottsdale, Arizona 85254

Marshall Home
3051 W. Mexico Street
Tucson, Arizona 85746


By: /s/ Shannon K. Herron